IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CLINTON DUDLEY WORTHAM, III                                                    PLAINTIFF

v.                            Civil No. 4:14-cv-04103

POCPM; GARY D. GREGORY;
and HAYS MCWHIRTER                                                             DEFENDANTS

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Clinton Wortham filed this case *pro se* pursuant to 42 U.S.C. § 1983 on August 7, 2014.  ECF No. 1.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before me is the issue of preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA").  Pursuant to the PLRA, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

1.     BACKGROUND

At the time he filed his Complaint, Plaintiff was an inmate of the Arkansas Department of Correction ("ADC").  Plaintiff's address of record indicates he is now incarcerated in the Bowie County Correction Center ("BCCC") in Bowie County, Texas.

Plaintiff names Officer Pocpm, Gary Gregory, and Hays McWhirter as Defendants in this matter.  In his Complaint, Plaintiff claims Defendant Pocpm violated his constitutional rights on May 11, 2014 when he had a gun inside the jail and pointed the gun at his mother during visitation

at the jail. Plaintiff also claims his grievances regarding this manner were not answered, and the mail he attempted to send to a lawyer and the media regarding the incident were not sent out of the facility. ECF No. 2, p. 3.

## 2. APPLICABLE LAW

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. 28 U.S.C. § 1983. In order to state a claim under section 1983, a plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. *See West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999).

## 3. DISCUSSION

The crux of Plaintiff's Complaint is his claim that Defendant Pocpm pointed a gun at his mother on May 11, 2014 during visitation. Plaintiff, however, fails to allege Defendant Pocpm took any actions against Plaintiff himself. A claim that an individual's constitutional rights have

been violated is personal in nature. *See Broadrick v. Oklahoma,* 413 U.S. 601, 610-11 (1973); *United States v. Mitchell,* 915 F.2d 521, 526 n. 8 (9th Cir. 1990). Ordinarily, one individual cannot assert a claim on behalf of another individual. *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, '[h]e has no authority to appear as an attorney for others than himself.'"). Accordingly, Plaintiff's allegations related to the actions Defendant Pocpm took against his mother fail to state a cognizable claim under section 1983.

Plaintiff also complains that the mail he attempted to send to his lawyer and to the media regarding this incident were not mailed. Inmates have a First Amendment right of free speech to send and receive mail. *Hudson v. Palmer*, 468 U.S. 517, 547 (1984). "The fact of confinement and the needs of the penal institution impose limitations on constitutional rights, including those derived from the First Amendment." *Jones v. North Carolina Prisoners' Union*, 433 U.S. 119, 125 (1977). Restrictions on this First Amendment right are valid "only if [they are] reasonably related to legitimate penological interests." *Turner v. Safely*, 482 U.S. 78, 89 (1987). "[E]conomic factors may . . . be considered . . . in choosing the methods used to provide meaningful access. But the cost of protecting a constitutional right cannot justify its total denial." *Bell-Bey v. Williams,* 87 F.3d 832, 838 (8th Cir. 1996) (*citing Bounds v. Smith*, 430 U.S. 817, 824-25 (1977)).

However, isolated instances of outgoing mail not arriving at its destination are insufficient to state a constitutional claim. *See Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (Plaintiff must show regular and unjustifiable interference--an isolated incident of mail tampering is usually insufficient to establish a constitutional violation). Here, Plaintiff has not suggested there was any ongoing practice of censorship or that the application of any policy resulted in the alleged

3

interference. Therefore, Plaintiff's claim of two instances when his mail did not reach its intended destination fails to rise to the level of a constitutional violation.

Lastly, Plaintiff does not have an independent constitutional right to a grievance procedure. *See Lomholt v. Holder,* 287 F.3d 683, 684 (8th Cir. 2002) (quoting *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir.1993)). The failure to process an inmate's grievances, without more, is not actionable under section 1983. *Buckley,* 997 F.2d at 495. Therefore, Plaintiff's claim regarding his grievances also fails as a matter of law.

**4.    CONCLUSION**

For the foregoing reasons, I recommend that Plaintiff's Complaint (ECF No. 2) be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a). The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). Therefore, I recommend that the Clerk be directed to place a § 1915(g) strike flag on the case.

**Plaintiff has fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 4th day of June 2015.**

/s/ Barry A. Bryant  
HON. BARRY A. BRYANT  
UNITED STATES MAGISTRATE JUDGE