IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CLINTON DUDLEY WORTHAM, III                                                      PLAINTIFF

v.                            Case No. 4:14-cv-4103

POCPM; GARY D. GREGORY;
and HAYS MCWHIRTHER                                                              DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed June 4, 2015, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 10). Judge Bryant Recommends that Plaintiff's Complaint (ECF No. 2) be dismissed. Plaintiff has responded with objections.[1] (ECF No. 11). The Court finds the matter ripe for consideration.

Plaintiff first objects to Judge Bryant's finding that he has failed to state a claim under § 1983 that a correctional officer violated his constitutional rights by pointing a gun at his mother. As stated by Judge Bryant, a claim that an individual's constitutional rights have been violated is personal in nature. *See Broaderick v. Oklahoma*, 413 U.S. 601, 610-611 (1973). Ordinarily, one individual cannot assert a claim on behalf of another individual. *See Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (*citing C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)) ("While a non-attorney may appear pro se on his own behalf, [h]e has no authority to appear as an attorney for others than himself."). Plaintiff makes no allegations that Defendant Pocpm took any actions against Plaintiff, and Plaintiff cannot assert a claim on behalf of his mother. Thus, this claim must fail.

Plaintiff next objects to Judge Bryant's finding that he has failed to state a claim under § 1983 that his constitutional rights were violated when the mail he attempted to send to lawyers and the media regarding the pointing of a gun at his mother never reached its destination. Plaintiff is essentially challenging the finding that his First Amendment rights were not violated. The Court

---

[1] Plaintiff filed his objections after the due date. The Court, however, will consider Plaintiff's objections.

agrees with Judge Bryant's finding that Plaintiff has not shown that the alleged isolated incidences of his mail not arriving at its intended destination are sufficient to establish a constitutional violation. *See Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997). Plaintiff does not argue that this mail not arriving has interfered with his right to counsel or access to the courts. *Id.* Further, Plaintiff has not suggested that there was an ongoing practice of censorship or that the application of any policy resulted in the alleged interference. *See Murchison v. Rogers*, 779 F.3d 882, 887 (8th Cir. 2015); *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007). By making broad allegations, Plaintiff has not successfully framed his claim as a constitutional issue.

Plaintiff's last objection challenges Judge Bryant's finding that Plaintiff does not have an independent constitutional right to a grievance procedure. The Court agrees with Judge Bryant's findings that inmates do not have an independent constitutional right to a grievance procedure. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). The alleged failure to process Plaintiff's grievances is not actionable under § 1983 because Plaintiff has failed to show how Defendants' actions led to violations of his constitutional rights. *Id.* Thus, Plaintiff's claim regarding his grievances fails as a matter of law.

For the reasons stated above, based on its own *de novo* review, the Court overrules Defendant's objections and adopts the Report and Recommendation (ECF No. 10) *in toto*. The Court finds that Plaintiff has failed to state a claim upon which relief may be granted. Accordingly, Plaintiff's Complaint (ECF No. 2) is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a). The dismissal constitutes a "strike" under 28 U.S.C. § 1915(g), and the Clerk is directed to place a § 1915(g) strike flag on the case.

IT IS SO ORDERED, this 8th day of April, 2016.

/s/ Susan O. Hickey  
Susan O. Hickey  
United States District Judge